Blacknall v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-226-CR

     ALLEN BLACKNALL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 7770-A
                                                                                                    

O P I N I O N
                                                                                                    

      Allen Blacknall appeals his conviction for aggravated assault.


 Blacknall was found guilty by
a jury, and, as a result of two prior convictions that enhanced the range of punishment, the jury
assessed punishment at fifty years in prison. Although the jury also assessed a $3500 fine, the
trial court reformed the verdict to omit the unauthorized fine and sentenced Blacknall to fifty years
in prison. Blacknall contends on appeal that (1) the evidence is insufficient to support the
conviction because a rational trier of fact would not have found against him on the self-defense
issue; (2) the court erred in failing to submit a definitional instruction on "reasonable doubt"; (3)
the court erred in overruling his objection to the instruction on the effect of parole laws; and (4)
the court erred in reforming the verdict to omit the unauthorized fine and sentencing him to fifty
years in prison. We affirm.
      The indictment charged that Blacknall did:
intentionally and knowingly cause bodily injury to Brian Ingram by striking him with his
fist and the said Brian Ingram was then and there a peace officer employed in the lawful
discharge of his official duty; to-wit: a City of Groesbeck Police Officer and the said
defendant had been informed and knew Brian Ingram was such a peace officer.

      According to section 9.31 of the Texas Penal Code, the use of force against another is not
justified to resist an arrest or search that the actor knows is being made by a police officer, even
though the arrest is unlawful, unless: (1) before the actor offers any resistance, the police officer
uses or attempts to use greater force than necessary to make the arrest or search; and (2) when and
to the degree the actor reasonably believes the force is immediately necessary to protect himself
against the peace officer's use or attempted use of greater force than necessary.



      In point one Blacknall contends that the evidence is insufficient to support the conviction
because a rational trier of fact would not have found against him on the self-defense issue. In
resolving the sufficiency-of-the-evidence issue, we look not to whether the State presented
evidence that refuted Blacknall's self-defense testimony, but instead, we determine whether, after
viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt and also could
have found against Blacknall on the self-defense issue beyond a reasonable doubt.


 Blacknall does
not contend that the verdict is so against the great weight and preponderance of the evidence as
to be manifestly unjust.



      Brian Ingram, a police officer for the City of Groesbeck, testified that on May 24, 1991, he
stopped a car which Blacknall was driving because it had an expired inspection sticker. According
to Ingram, after stopping the car he noticed that "the trunk lock had been busted out" and that
"there were no keys in the ignition but the car was running." Suspecting that the car was stolen,
he asked the dispatcher to check the license plate number. When Ingram asked Blacknall to get
out of the car, he was unable to produce his driver's license or proof of insurance. Meanwhile,
Ingram received a report that the license plate number did not correspond to the year, make, and
model of the car he had stopped. Ingram informed Blacknall that he was under arrest for fictitious
registration and an expired inspection sticker. According to Ingram, while conducting a pat-down
search, he felt several "rock, pebble-like substances" in Blacknall's pocket. When Ingram
attempted to remove the substances, Blacknall removed his hands from the car, grabbed Ingram's
right hand, began to spin and twist to get away, and struck Ingram in his right eye, breaking his
glasses. At that point Ingram drew his weapon and told Blacknall that the fight was over. After
feigning a surrender, however, Blacknall managed to get back in the car and drive away. After
a high-speed chase, Blacknall was captured in a field by a DPS trooper. On cross-examination
Ingram testified that he never handled Blacknall roughly, never laid a hand on him until frisking
him, never "laid a foot on him," and never made any threats to him.
      On direct examination Blacknall described the manner in which he was frisked by Ingram:
He kind of—he started up here and went down, you know, like this and go all the
way down to your legs and things. And he began to kick my legs to the side telling me
to spread my legs and he was kicking harder than normally a police officer would do
when he wanted you to stand there and open your legs.

According to Blacknall, he hit Ingram because "he was jerking on me and kicking my legs." 
Blacknall also testified that he was afraid because Ingram threatened to shoot him.
      Although Blacknall testified that Ingram threatened him and kicked him, the jury is the sole
judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part
of any witness' testimony.


 The issue of self-defense is a question of fact to be determined by the
jury.


 On the basis of these facts, viewing all the evidence in the light most favorable to the
prosecution, we hold that a rational jury could have found beyond a reasonable doubt against
Blacknall on the self-defense issue. Because the evidence is sufficient to support the conviction,
we overrule point of error one.
      In point two Blacknall contends that the court erred in failing to submit a definitional
instruction on "reasonable doubt," citing Geesa v. State.


 Although the Court of Criminal Appeals
in Geesa adopted a full definitional instruction on reasonable doubt and required that it be
submitted to the jury in all criminal cases, the application of the new rule was limited to the case
before the court in Geesa and to all cases tried after November 6, 1991.


 Because Blacknall was
tried October 28-30, 1991, the court did not err in failing to submit a definitional instruction on
reasonable doubt. We overrule point of error two.
      In point three Blacknall contends that the court erred in overruling his objection to the
instruction on the effect of parole laws. The court instructed the jury pursuant to article 37.07,
section 4(a), of the Texas Code of Criminal Procedure.


 In Oakley v. State, the Court of Criminal
Appeals held that the amendment to Article IV, section 11(a), of the Texas Constitution removed
the due-course-of-law, as well as the separation-of-powers, constraints that plagued the former
article 37.07, section 4.


 Because the court's charge conformed to the parole law-instruction set
out in article 37.07, we overrule point of error three.
      In point four Blacknall contends that the court erred in disregarding the unauthorized fine
assessed by the jury and sentencing him, in accordance with the reformed verdict, to fifty years
in prison. Article 37.10(b) of the Code of Criminal Procedure provides:
 (b) If the jury assesses punishment in a case and in the verdict assesses both punishment
that is authorized by law for the offense and punishment that is not authorized by law for
the offense, the court shall reform the verdict to show the punishment authorized by law
and to omit the punishment not authorized by law. If the trial court is required to reform
a verdict under this subsection and fails to do so, the appellate court shall reform the
verdict as provided by this subsection.




Not only did the trial court properly reform the verdict to show the authorized imprisonment
assessed by the jury and omit the unauthorized fine assessed by the jury, but had the trial court
failed to reform the verdict, article 37.10(b) would require us to do so.


 We overrule point of
error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 12, 1993
Do not publish